THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DISTRICT

| | |
|---|---|
| DANIEL HERRERA,<br><br>             Plaintiff,<br><br>v.<br><br>BRENT JOHNSON,<br><br>             Defendant. | **MEMORANDUM DECISION AND ORDER TO SHOW CAUSE**<br><br>Case No. 1:21-CV-89-TC<br><br>District Judge Tena Campbell |

Having screened Plaintiff's pro se prisoner civil rights Amended Complaint[1] under its statutory review function,[2] the Court proposes to dismiss this action because Plaintiff has failed to state a claim upon which relief may be granted.  (ECF No. 26.)

---

[1] The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:

> Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any **State** or **Territory** . . . , subjects, or **causes** to be subjected, any citizen of the United States or other **person** within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.

[2] The screening statute reads:

> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>     (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

Plaintiff names one state defendant: Brent Johnson, General Counsel for Utah's Administrative Office of the Courts. (Id.) Plaintiff alleges Defendant violated Plaintiff's federal constitutional rights (regarding due process and equal protection) by not providing certain documents Plaintiff requested under Utah law. (Id.) Plaintiff primarily seeks injunctive relief. (Id.)

## ANALYSIS

When deciding if a complaint states a claim upon which relief may be granted, the Court takes all well-pleaded factual statements as true and regards them in a light most favorable to the plaintiff. Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is fitting when, viewing those facts as true, the Court sees that the plaintiff has not posed a "plausible" right to relief. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Robbins v. Oklahoma, 519 F.3d 1242, 1247-48 (10th Cir. 2008). Plaintiff has the burden "to frame a 'complaint with enough factual matter (taken as true) to suggest'" entitlement to relief. Robbins, 519 F.3d at 1247 (quoting Twombly, 550 U.S. at 556). When a civil rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory and not entitled to" an assumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009) (quoting Twombly, 550 U.S. at 554-55). In other words, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Red Hawk, 493 F.3d at 1177.

The Court construes pro se "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted). The Tenth Circuit holds that, if pleadings can reasonably be read "to state a valid claim on which the plaintiff could prevail, [they should be read] so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, "the proper function of the district court [is not] to assume the role of advocate for the pro se litigant." Id.; see also Peterson v. Shanks, 149 F.3d 1140, 1143 (10th Cir. 1998). Dismissing the complaint "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" Curley v. Perry, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (additional quotation marks omitted) (quoting Hall, 935 F.2d at 1110).

Plaintiff's allegations that Defendant violated state law and committed state torts when Defendant failed to provide records that Plaintiff requested under state law do not state a federal constitutional claim, as required to proceed further with this federal civil rights action.

IT IS THEREFORE ORDERED that Plaintiff must within thirty days SHOW CAUSE why this Complaint should not be dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

DATED this 17th day of July, 2023.

BY THE COURT:

_____
Tena Campbell
United States District Judge